UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MCKINLEY THIGPEN, ) | |
| Plaintiff, ) | |
| ) | Case No. 08 C 4820 |
| v. ) | |
| ) | Magistrate Judge Geraldine Soat Brown |
| THOMAS BANAS, RICHARD ) | |
| STYGAR, J. KILMA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff's Motion for Leave to File Second Amended Complaint [dkt 50] is denied for the reasons stated on the record at the hearing on February 10, 2010 and set forth below.

## DISCUSSION

Plaintiff McKinley Thigpen filed this action against "John Doe" defendants in August 2008. (Compl.) [Dkt 1.] His initial complaint alleged a claim of false arrest and a claim of excessive force, both stemming from an incident that occurred in June 2007. (*Id*.) Prior to the appearance of any defendant, Mr. Thigpen filed his first amended complaint in September 2008 also alleging those two counts but naming three individual defendants. [Dkt 10.] He was represented by counsel until April 2009 when his counsel's motion for leave to withdraw based on irreconcilable differences was granted. (April 1, 2009 Order.) [Dkt 43.]

Mr. Thigpen has proceeded *pro se* since that point. On December 29, 2009, Mr. Thigpen

filed a second amended complaint without having obtained leave of court to do so. (Sec. Am. Compl.) [Dkt 49.] In it he alleges eight counts, including his original two counts but adding state and federal conspiracy counts, several additional state law claims and a Section 1983 *Monell* claim against the City of Joliet for failure to protect, train, control and discipline its police officers. (*Id*.) The proposed second amended complaint also added two new defendants: Marcus Weitting and the City of Joliet, Illinois. (*Id*.) Shortly thereafter, Mr. Thigpen filed a motion for leave to file that complaint. (Pl.'s Mot. for Leave.) [Dkt 50.]

Upon review of Mr. Thigpen's proposed second amended complaint, however, the court questioned whether Mr. Thigpen himself had written it. Although Mr. Thigpen continued to represent himself *pro se*, and appeared *pro se* at the motion for leave to file the complaint, the language used and writing style of the second amended complaint appeared to be those of an attorney. Upon the court's questioning, Mr. Thigpen acknowledged that another person, an attorney, had written the complaint. (Jan. 11, 2010 Order.) [Dkt 51.] It thus was ordered that any attorney who represents Mr. Thigpen file an appearance and attend the next status hearing. (*Id*.) The motion for leave to file the amended complaint was entered and continued to February 10, 2010. (*Id*.) At that hearing, Mr. Thigpen advised that the author of the complaint is not, in fact, an attorney. Whether the author is an attorney or not, the complaint can not be accepted.

The ghost-writing of a complaint on behalf of a *pro se* plaintiff raises a "serious matter of unprofessional conduct." *Johnson v. City of Joliet*, No. 04 C 6426, 2007 WL 495258 at * 2 (N.D. Ill. Feb. 13, 2007). Among other things, such conduct evades the requirements of Federal Rule of Civil Procedure 11 which obligates attorneys personally to sign each submission to the court. *Id.* Under Rule 11, an attorney (or an unrepresented person) who submits, files or advocates a document

2

to the court, attests to the best of the person's knowledge: (1) it is not being presented for any improper purpose; (2) it is warranted by existing law or contains a nonfrivolous argument for extending, modifying or reversing the law; (3) its factual contentions have evidentiary support, or if specifically identified, will likely have such support after a reasonable opportunity for further investigation; and (4) any denials of factual contentions are warranted on the evidence, or if specifically identified, are reasonably based on a belief or a lack of information. Fed. R. Civ. P. 11(b). An attorney who is willing to allow his or her arguments or representations to be used in a submission to the court should sign the submission and take professional responsibility for it. Although an attorney may counsel a non-attorney who wishes to proceed *pro se* (*see* N.D. Ill. Local R. Prof. Conduct 83.55.5 committee comments), the attorney may not go so far as to ghost-write filings for the *pro se* litigant's signature.

Further, federal courts generally hold *pro se* litigants to less stringent standards than members of the bar. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). This is to ensure that *pro se* filings are considered for their substance even if inartfully drafted. *Bach v. Coughlin*, 508 F.2d 303, 306 (7th Cir. 1974) (interpreting *Haines*). It would be unfair to afford Mr. Thigpen this leniency while allowing an undisclosed attorney to represent him in substance and not in form.

Likewise, a *pro se* litigant can not employ the services of another non-attorney to prepare his court submissions. "Pro se" is Latin for "for oneself," or "on one's own behalf." *Black's Law Dictionary* 1236 (Bryan A. Garner ed., 7th ed., West 1999). Certainly it is Mr. Thigpen's right to represent himself in this matter; allowing him to submit another person's work as his own, however, would contradict the basic principle of self-representation. Moreover, if the author of the second amended complaint is not an attorney, it would appear that he or she has engaged in the unauthorized

3

practice of law by preparing Mr. Thigpen's submission for him. The unlicensed practice of law is considered a contempt of court in the state of Illinois and may be punished accordingly. 705 Ill. Comp. Stat. § 205/1 (2007).

The proposed complaint seeks to expand and complicate the nature of this relatively simple lawsuit after more than a year of litigation. Discovery already has been extended twice and is now set to close February 19, 2010. (Nov. 23, 2009 Order.) [Dkt 48.] It is apparent from the face of the proposed second amended complaint that adding the new claims and new defendants may implicate statute of limitations issues and would certainly prompt requests for additional discovery. Such matters would prove complex for a *pro se* plaintiff to litigate and would further delay resolution of this straightforward case. If the person who drafted the proposed second amended complaint is an attorney who is willing to represent Mr. Thigpen in the case and to deal with the complexity, it would be a different situation. But to complicate the case and leave Mr. Thigpen to deal with that complexity is unfair to everyone, including Mr. Thigpen.

For all of these reasons, Mr. Thigpen's motion for leave to file a second amended complaint is denied. The improperly filed second amended complaint is stricken. Plaintiff's First Amended Complaint [dkt 10] remains the operative pleading. The Clerk of the Court is directed to remove Marcus Weitting and the City of Joliet as defendants in this case.

**IT IS SO ORDERED**.

_____
**GERALDINE SOAT BROWN**
**United States Magistrate Judge**

Dated: February 11, 2010